

UNITED STATES COURT OF INTERNATIONAL TRADE
ONE FEDERAL PLAZA
NEW YORK, N.Y. 10278-0001

CHAMBERS OF
Jennifer Choe-Groves
Judge

March 4, 2025

**VIA ECF**

      Re:    Tenaris Bay City et al v. United States et al
              Consol. Court No. 22-00344

Dear Counsel:

      Oral argument in this action is scheduled for Monday, March 17, 2025, at 9:30 AM at George Washington University Law School. The Court asks Counsel to be prepared to address the following issues.

1. Tenaris argues that the U.S. International Trade Commission's ("ITC") reliance on Steel Auth. of India, Ltd. v. United States, 25 CIT 472, 146 F. Supp. 2d 900 (2001), a case in which the Court of International Trade ("CIT") deferred to the ITC's statutory interpretation of the term "compete with" in 19 U.S.C. § 1677(7)(G)(i), was improper because such deference under Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), is no longer the standard for statutory interpretation under Loper Bright Enterprises v. Raimondo ("Loper Bright"), 603 U.S. 369, 144 S. Ct. 2244 (2024). Loper Bright directs the Court to independently interpret the meaning of an ambiguous statute. The Court asks the Parties to present any legislative authority, other caselaw, or interpretative tools that would aid the Court's independent statutory interpretation of the terms "compete with" and "reasonable competitive overlap" that are relevant to the time frame as to when the ITC may cumulate subject imports under 19 U.S.C. § 1677(7)(G)(i).

2. On remand, the ITC revised the tables that it had relied on in the Staff Report, issuing a supplemental memorandum with 11 corresponding tables. Tenaris argues that the ITC's new Supplemental Tables 3 through 11 continue to erroneously include non-subject South Korean oil country tubular goods ("OCTG"). Can the Parties explain why the ITC can or cannot not re-open the record to ensure that all non-subject South Korean

    imports are removed from the data?  Does the ITC view the inclusion of non-subject merchandise as harmless error that this Court should ignore?

3. The Parties may address any other issues that are relevant to the Court's consideration of this case.

    Although some of these questions are directed to specific Parties, any Party may address the questions above.  Please contact my case manager, Mr. Steve Taronji, at (212) 264-1611 or steve_taronji@cit.uscourts.gov, with any questions or concerns.  Thank you for your assistance and cooperation.

                                                                Very truly yours,

                                                                /s/ Jennifer Choe-Groves
                                                               Jennifer Choe-Groves, Judge

cc:    Steve Taronji
        For docketing